Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Lorie K. Mallari, SBN 310056
lorie@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879
Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. GEM & JEWELRY DESIGN, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GROUPON, INC., a Delaware Corporation; GROUPON GOODS, INC., a Delaware Corporation; STAMP THE MOMENT, INC., a Tennessee Corporation; LEE MICHAEL COPELAND, an Individual; CRYSTAL COPELAND, an Individual; SWEET DOLL INC. d/b/a DIANE LO'REN, a New York Corporation; JOSEPH SARDAR, an Individual; GOLDEN MOON, INC., a New York Corporation; DAVID KHAFIF, an Individual; RJK JEWELRY, INC., a New Jersey corporation; ANGRYSALE, INC., a New York corporation; JOSEPH KOHEN, an individual; and DOES 1-10, <br><br> Defendants. | Case No.: 2:19-CV-00035-ODW (PLAx) <br><br> **[DISCOVERY MATTER** <br> **Local Rule 37-1]** <br> *Magistrate Judge Paul L. Abrams* <br><br> **JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE); AND REQUEST FOR SANCTION** <br> [NOTICE OF MOTION FILED CONCURRENTLY] <br><br> Hearing Date: December 4, 2019 <br> Time: 10:00 a.m. <br> Courtroom: 780, 7th Floor <br> 255 E. Temple Street <br> Los Angeles, CA 90012 <br> Discovery Cut-Off: February 28, 2020 <br> Final Pretrial Cut-Off: August 31, 2020 <br> Trial Date: September 29, 2020 |

-1-

JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL
DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND
REQUESTS FOR ADMISSION (SET ONE)

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................... 3

II.     LA GEM'S INTRODUCTORY STATEMENT ....................................... 3

III.    ANGRYSALE'S INTRODUCTORY STATEMENT ............................... 5

IV.     DISCOVERY REQUESTS AT ISSUE .................................................... 6

    A.      SPECIFIC ARGUMENT REGARDING ANGRYSALE'S RESPONSES TO
        LA GEM'S INTERROGATORIES ................................................ 6

    B.      SPECIFIC ARGUMENT REGARDING ANGRYSALE'S RESPONSES TO
        LA GEM'S REQUESTS FOR PRODUCTION ............................ 14

    C.      SPECIFIC ARGUMENT REGARDING ANGRYSALE'S RESPONSES TO
        LA GEM'S REQUESTS FOR ADMISSION ................................ 48

    D.      LA GEM'S ARGUMENT THAT SANCTIONS ARE WARRANTED ........................ 87

V.      CONCLUSION ...................................................................................... 88

**JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE)**

## I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37-2, Plaintiff LA Gem & Jewelry Design, Inc. and Defendant Angrysale, Inc. submit the following Joint Stipulation regarding LA Gem's Motion to Compel responses to Interrogatories, Requests for Production, and Requests for Admission, Set One.  Pursuant to Local Rule 37-1, the parties met and conferred in good faith on October 11, 2019 and Angrysale agreed to produce documents and responses <u>without objections</u> by October 16, 2019.

## II.    LA GEM'S INTRODUCTORY STATEMENT

The sole issue at this stage is Angrysale's complete failure to timely respond to LA Gem's first set of discovery requests.

As a backdrop, in a case of wholesale copyright infringement, Angrysale copied LA Gem's best-selling and copyrighted Moon Pendant jewelry design from its I Love You to the Moon collection.  The brazen copying includes LA Gem's designer's cursive handwriting.  Thus, Angrysale cannot seriously dispute copying and infringement.

| L.A. Gem Copyrighted Subject Designs | Infringing Defendants' Products |
|---|---|
| <u>Moon Pendant</u><br>Registration No.: VA 1-912-320<br><br> | • RJK Defendants (RJK Jewelry, Angrysale, and Joseph Kohen)<br><br> |

**JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE)**

On August 30, 2019, LA Gem individually served Defendants Angrysale, Golden Moon, Groupon, Groupon Goods, RJK Jewelry, and Sweet Doll with a first set of Interrogatories, Request for Production of Documents, and Request for Admissions. Declaration of Milord A. Keshishian ("Keshishian Decl.") ¶2, Exs. 1–3, 19 (Angrysale's Interrogatories, Requests for Production, Requests for Admission, and transmittal email). All discovery responses were due by email service, as agreed, on September 30, 2019. Keshishian Decl. ¶3, Ex. 20 (Joint Rule 26 Report).  Receiving no responses, on October 4, 2019, LA Gem sent a meet and confer letter detailing Defendants' failure to timely respond to discovery and requesting that each Defendant provide documents and responses without objections.  Keshishian Decl. ¶4, Ex. 21.  As this Court has previously held, failure to timely respond to discovery constitutes a waiver of objection.  *MyKey Tech. Inc. v. Intelligent Computer Sols., Inc.*, 13-cv-2461-AG-PLAx, 2015 WL 12745792, at *3 (C.D. Cal. Oct. 21, 2015) citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of objection."). On October 11, 2019, Lorie K. Mallari (counsel for LA Gem) and Jonathan Ross (counsel for all Defendants) met and conferred and Mr. Ross agreed to produce documents and responses <u>without objections</u> for <u>all Defendants</u>, including Angrysale, by October 16, 2019.  Keshishian Decl. ¶5, Ex. 22.  On October 16, 2019, Angrysale did not produce responses or documents as agreed, and has not done so to date.  Keshishian Decl. ¶¶5–7.  Angrysale's failure to provide responses has prevented LA Gem's identification other parties directly, contributorily, or vicariously infringing upon LA Gem's copyrighted designs.  Based on Angrysale's months of inaction, LA Gem can no longer rely on Angrysale's representations and must unfortunately turn to the Court to compel its responses and document production.

### III.   ANGRYSALE'S INTRODUCTORY STATEMENT

As is evident from the Exhibits to this motion, Plaintiff has served in this action, involving numerous sets of defendants, extensive discovery requests.  Unfortunately, due to defense counsel's schedule, Defendants are late in serving their respective Responses to those requests.  Those responses are forthcoming.

On October 11, 2019 a meet and confer call was held.  Defense counsel, Jonathan J. Ross, apologized for the delay and stated that the Responses would be served as soon as possible, hopefully within the week.  Mr. Ross did not categorically agree that all objections were waived, or that all Requests for Admission would be deemed admitted.  Rather, he noted that all proper requests would be responded to, but that any wholly improper requests would be addressed as necessary.  With respect to the Responses to the Requests for Admission, Defendants respectfully request that they be permitted so that the action can be decided on its merits.  *See,* Fed. R. Civ. P. 36(b) (The court may permit withdrawal or amendment of an admission if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.)  Here, Plaintiff will not be prejudiced in any manner in permitting Defendants to admit or deny the respective Requests for Admission so that this action can be decided on the merits of the claims.

/ / /

/ / /

/ / /

**JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE)**

# IV.   DISCOVERY REQUESTS AT ISSUE

## A.   SPECIFIC ARGUMENT REGARDING ANGRYSALE'S RESPONSES TO LA GEM'S INTERROGATORIES

The following is the text of the interrogatories at issue, the text of Defendant's responses, LA Gem's position, and Defendant's position regarding same.

**INTERROGATORY NO. 1.:**

Please state YOUR total sales in units and dollars of the ACCUSED MOON PENDANTS, including the SKU, internal style number, or UPC.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the interrogatories by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the interrogatories waives all objections.  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the Court order Angrysale to fully respond to Interrogatory No. 1, without objection.

ANGRYSALE'S POSITION:

Defendant will provide a Response.

**INTERROGATORY NO. 2.:**

IDENTIFY each and every deductible expense/cost that YOU incurred in selling the ACCUSED MOON PENDANTS, including (a) the nature of the expense, (b) the amount of the expense, (c) who the expense was incurred to, (d) how the expense relates to the sale of the ACCUSED MOON PENDANTS, and (e) when and how the expense was paid.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the interrogatories by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the interrogatories waives all objections.  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the Court order Angrysale to fully respond to Interrogatory No. 2, without objection.

ANGRYSALE'S POSITION:

Defendant will provide a Response.

**INTERROGATORY NO. 3.:**

IDENTIFY all PERSONS and witnesses with knowledge of information RELATING TO the purchase and sale of the ACCUSED MOON PENDANTS.

RESPONSE:

    Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

    On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the interrogatories by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the interrogatories waives all objections.  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

    Accordingly, LA Gem requests that the Court order Angrysale to fully respond to Interrogatory No. 3, without objection.

ANGRYSALE'S POSITION:

    Defendant will provide a Response.

**INTERROGATORY NO. 4.:**

    Describe in detail how YOU obtained the design for the ACCUSED MOON PENDANTS by IDENTIFYING the PERSON or company providing the design, pictures, or samples to YOU or to YOUR suppliers or vendors.

RESPONSE:

    Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

    On October 4, 2019, LA Gem's meet and confer correspondence notified

Angrysale of its failure to respond to the interrogatories by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the interrogatories waives all objections.  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the Court order Angrysale to fully respond to Interrogatory No. 4, without objection.

ANGRYSALE'S POSITION:

Defendant will provide a Response.


**INTERROGATORY NO. 5.:**

IDENTIFY any PERSON YOU allege to have independently created, or otherwise have rights in the ACCUSED MOON PENDANT.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the interrogatories by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the interrogatories waives all objections.  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").  "It is well established that a failure to object to

1  discovery requests within the time required constitutes a waiver of any objection."

2  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)

3  (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

4       Accordingly, LA Gem requests that the Court order Angrysale to fully respond to

5  Interrogatory No. 5, without objection.

6  ANGRYSALE'S POSITION:

7       Defendant will provide a Response.

8

9  **INTERROGATORY NO. 6.:**

10       IDENTIFY every PERSON YOU employ or engage to search the copyright office

11  records to determine if any PERSON owns copyrights in the jewelry YOU sell or offer

12  for sale.

13  RESPONSE:

14       Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

15  and Requests for Production, Set One.

16  LA GEM'S POSITION:

17       On October 4, 2019, LA Gem's meet and confer correspondence notified

18  Angrysale of its failure to respond to the interrogatories by the September 30, 2019,

19  deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

20  provide responses by October 16, 2019, without objection, but again failed to do so.

21  Angrysale's failure to timely respond to the interrogatories waives all objections.  Fed. R.

22  Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court,

23  for good cause, excuses the failure.").  "It is well established that a failure to object to

24  discovery requests within the time required constitutes a waiver of any objection."

25  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)

26  (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

27       Accordingly, LA Gem requests that the Court order Angrysale to fully respond to

28  Interrogatory No. 6, without objection.

ANGRYSALE'S POSITION:

Defendant will provide a Response.

**INTERROGATORY NO. 7.:**

IDENTIFY every PERSON at YOUR company responsible for the approval of, including selection of, or decision to sell the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the interrogatories by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the interrogatories waives all objections.  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the Court order Angrysale to fully respond to Interrogatory No. 7, without objection.

ANGRYSALE'S POSITION:

Defendant will provide a Response.

**INTERROGATORY NO. 8.:**

IDENTIFY every PERSON or company that conducted research regarding third party rights or copyright clearance searches RELATING TO YOUR ability to sell the

-11-

1    ACCUSED MOON PENDANTS.

2    RESPONSE:

3        Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

4    and Requests for Production, Set One.

5    LA GEM'S POSITION:

6        On October 4, 2019, LA Gem's meet and confer correspondence notified

7    Angrysale of its failure to respond to the interrogatories by the September 30, 2019,

8    deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

9    provide responses by October 16, 2019, without objection, but again failed to do so.

10   Angrysale's failure to timely respond to the interrogatories waives all objections.  Fed. R.

11   Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court,

12   for good cause, excuses the failure.").  "It is well established that a failure to object to

13   discovery requests within the time required constitutes a waiver of any objection."

14   *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)

15   (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

16       Accordingly, LA Gem requests that the Court order Angrysale to fully respond to

17   Interrogatory No. 8, without objection.

18   ANGRYSALE'S POSITION:

19       Defendant will provide a Response.

20

21   **INTERROGATORY NO. 9.:**

22       Describe in detail YOUR intellectual property policy, including any

23   indemnification agreements with YOUR suppliers and manufacturers, written

24   representation and warranties from YOUR suppliers and manufacturers, and copyright

25   clearance procedures, and express instructions to only purchase products from reputable

26   sources.

27   RESPONSE:

28       Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

-12-

1   and Requests for Production, Set One.

2   LA GEM'S POSITION:

3          On October 4, 2019, LA Gem's meet and confer correspondence notified

4   Angrysale of its failure to respond to the interrogatories by the September 30, 2019,

5   deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

6   provide responses by October 16, 2019, without objection, but again failed to do so.

7   Angrysale's failure to timely respond to the interrogatories waives all objections.  Fed. R.

8   Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court,

9   for good cause, excuses the failure.").  "It is well established that a failure to object to

10  discovery requests within the time required constitutes a waiver of any objection."

11  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)

12  (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

13         Accordingly, LA Gem requests that the Court order Angrysale to fully respond to

14  Interrogatory No. 9, without objection.

15  ANGRYSALE'S POSITION:

16         Defendant will provide a Response.

17  / / /

18  / / /

19  / / /

20

21

22

23

24

25

26

27

28

-13-

**JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE)**

**B.     SPECIFIC ARGUMENT REGARDING ANGRYSALE'S RESPONSES TO LA GEM'S REQUESTS FOR PRODUCTION**

The following is the text of the requests at issue, the text of Defendant's responses, LA Gem's position, and Defendant's position regarding same.

**REQUEST FOR PRODUCTION NO. 1.:**

DOCUMENTS sufficient to show YOUR purchase(s) of the ACCUSED MOON PENDANTS within the last five (5) years, including IDENTIFYING the PERSONS from whom the ACCUSED MOON PENDANTS were purchased.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 1, without objection.

ANGRYSALE'S POSITION:

-14-

1  Defendant will produce responsive documents, if any.

2  **REQUEST FOR PRODUCTION NO. 2.:**

3  DOCUMENTS and COMMUNICATIONS RELATING TO any PERSON

4  supplying YOU or YOUR customers the ACCUSED MOON PENDANTS within the

5  last five (5) years, including IDENTIFYING the PERSONS from whom the ACCUSED

6  MOON PENDANTS were purchased.

7  RESPONSE:

8  Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

9  and Requests for Production, Set One.

10  LA GEM'S POSITION:

11  On October 4, 2019, LA Gem's meet and confer correspondence notified

12  Angrysale of its failure to respond to the requests for production by the September 30,

13  2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

14  provide responses by October 16, 2019, without objection, but again failed to do so.

15  Angrysale's failure to timely respond to the requests for production waives all objections.

16  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

17  the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,

18  284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule

19  33(b)(4) applies to document requests under Rule 34).  "It is well established that a

20  failure to object to discovery requests within the time required constitutes a waiver of any

21  objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

22  Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

23  Accordingly, LA Gem requests that the court order Angrysale to fully respond to

24  Request for Production No. 2, without objection.

25  ANGRYSALE'S POSITION:

26  Defendant will produce responsive documents, if any.

27

28  **REQUEST FOR PRODUCTION NO. 3.:**

-15-

DOCUMENTS sufficient to show YOUR distribution and sale of the ACCUSED MOON PENDANTS, including, but not limited to, all purchase orders, invoices, sales receipts, shipping records, and any other DOCUMENTS pertaining to YOUR sale of the ACCUSED MOON PENDANTS within the last five (5) years.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 3, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 4.:**

YOUR COMMUNICATIONS REFERRING TO the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 4, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.


**REQUEST FOR PRODUCTION NO. 5.:**

DOCUMENTS sufficient to show YOUR costs incurred by YOU for creating, developing, purchasing, approving, importing, or selling the ACCUSED MOON PENDANTS for each of the last five (5) years.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 5, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 6.:**

DOCUMENTS sufficient to show financial reports or summaries resulting from the sale of the ACCUSED MOON PENDANTS for each of the last five (5) years.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 6, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 7.:**

DOCUMENTS in their native format (e.g. msg, emlx, CAD, PowerPoint, Word, Adobe Illustrator, or Draw) sufficient to show any COMMUNICATION between YOU and any PERSON RELATING TO the MOON PENDANT.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

-19-

JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE)

1  the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,

2  284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule

3  33(b)(4) applies to document requests under Rule 34).  "It is well established that a

4  failure to object to discovery requests within the time required constitutes a waiver of any

5  objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

6  Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

7       Accordingly, LA Gem requests that the court order Angrysale to fully respond to

8  Request for Production No. 7, without objection.

9  ANGRYSALE'S POSITION:

10       Defendant will produce responsive documents, if any.

11

12  **REQUEST FOR PRODUCTION NO. 8.:**

13       DOCUMENTS in their native format (e.g. msg, emlx, CAD, PowerPoint, Word,

14  Adobe Illustrator, or Draw) sufficient to show any COMMUNICATION between YOU

15  and any PERSON RELATING TO the ACCUSED MOON PENDANTS.

16  RESPONSE:

17       Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

18  and Requests for Production, Set One.

19  LA GEM'S POSITION:

20       On October 4, 2019, LA Gem's meet and confer correspondence notified

21  Angrysale of its failure to respond to the requests for production by the September 30,

22  2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

23  provide responses by October 16, 2019, without objection, but again failed to do so.

24  Angrysale's failure to timely respond to the requests for production waives all objections.

25  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

26  the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,

27  284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule

28  33(b)(4) applies to document requests under Rule 34).  "It is well established that a

-20-

1   failure to object to discovery requests within the time required constitutes a waiver of any
2   objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th
3   Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

4         Accordingly, LA Gem requests that the court order Angrysale to fully respond to
5   Request for Production No. 8, without objection.

6   ANGRYSALE'S POSITION:

7         Defendant will produce responsive documents, if any.

8

9   **REQUEST FOR PRODUCTION NO. 9.:**

10        DOCUMENTS in their native format (e.g. msg, emlx, CAD, PowerPoint, Word,
11  Adobe Illustrator, or Draw) sufficient to show any COMMUNICATION between YOU
12  and YOUR supplier, distributor, designer, or vendor RELATING TO the ACCUSED
13  MOON PENDANTS.

14  RESPONSE:

15        Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,
16  and Requests for Production, Set One.

17  LA GEM'S POSITION:

18        On October 4, 2019, LA Gem's meet and confer correspondence notified
19  Angrysale of its failure to respond to the requests for production by the September 30,
20  2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to
21  provide responses by October 16, 2019, without objection, but again failed to do so.
22  Angrysale's failure to timely respond to the requests for production waives all objections.
23  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless
24  the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,
25  284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule
26  33(b)(4) applies to document requests under Rule 34).  "It is well established that a
27  failure to object to discovery requests within the time required constitutes a waiver of any
28  objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

-21-

Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 9, without objection.

<u>ANGRYSALE'S POSITION:</u>

Defendant will produce responsive documents, if any.


**REQUEST FOR PRODUCTION NO. 10.:**

DOCUMENTS which RELATE TO YOUR assertion that PLAINTIFF'S MOON PENDANT is not substantially similar to the ACCUSED MOON PENDANTS.

<u>RESPONSE:</u>

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

<u>LA GEM'S POSITION:</u>

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 10, without objection.

<u>ANGRYSALE'S POSITION:</u>

**JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE)**

1   Defendant will produce responsive documents, if any.

2

3   **REQUEST FOR PRODUCTION NO. 11.:**

4   DOCUMENTS which RELATE TO YOUR assertion that PLAINTIFF'S MOON

5   PENDANT is not strikingly similar to the ACCUSED MOON PENDANTS.

6   RESPONSE:

7   Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

8   and Requests for Production, Set One.

9   LA GEM'S POSITION:

10   On October 4, 2019, LA Gem's meet and confer correspondence notified

11   Angrysale of its failure to respond to the requests for production by the September 30,

12   2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

13   provide responses by October 16, 2019, without objection, but again failed to do so.

14   Angrysale's failure to timely respond to the requests for production waives all objections.

15   Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

16   the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,

17   284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule

18   33(b)(4) applies to document requests under Rule 34).  "It is well established that a

19   failure to object to discovery requests within the time required constitutes a waiver of any

20   objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

21   Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

22   Accordingly, LA Gem requests that the court order Angrysale to fully respond to

23   Request for Production No. 11, without objection.

24   ANGRYSALE'S POSITION:

25   Defendant will produce responsive documents, if any.

26

27

28   **REQUEST FOR PRODUCTION NO. 12.:**

-23-

DOCUMENTS which RELATE TO YOUR assertion that PLAINTIFF'S MOON PENDANT is not identical to the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 12, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 13.:**

DOCUMENTS which RELATE TO YOUR assertion that PLAINTIFF'S MOON PENDANT is not original.

RESPONSE:

-24-

1    Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

2    and Requests for Production, Set One.

3    LA GEM'S POSITION:

4    On October 4, 2019, LA Gem's meet and confer correspondence notified

5    Angrysale of its failure to respond to the requests for production by the September 30,

6    2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

7    provide responses by October 16, 2019, without objection, but again failed to do so.

8    Angrysale's failure to timely respond to the requests for production waives all objections.

9    Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

10   the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,

11   284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule

12   33(b)(4) applies to document requests under Rule 34.  "It is well established that a

13   failure to object to discovery requests within the time required constitutes a waiver of any

14   objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

15   Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

16   Accordingly, LA Gem requests that the court order Angrysale to fully respond to

17   Request for Production No. 13, without objection.

18   ANGRYSALE'S POSITION:

19   Defendant will produce responsive documents, if any.

20

21

22   **REQUEST FOR PRODUCTION NO. 14.:**

23   DOCUMENTS which RELATE TO YOUR independent creation of MOON

24   PENDANT, and/or the designs of the ACCUSED MOON PENDANTS.

25   RESPONSE:

26   Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

27   and Requests for Production, Set One.

28   LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 14, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.


**REQUEST FOR PRODUCTION NO. 15.:**

DOCUMENTS which RELATE TO the prior creation of the MOON PENDANT,

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections.

-26-

Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 15, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.


**REQUEST FOR PRODUCTION NO. 16.:**

DOCUMENTS in their native format (e.g. msg, emlx, CAD, PowerPoint, Word, Adobe Illustrator, or Draw) sufficient to show the creation of the ACCUSED MOON PENDANTS, including COMMUNICATIONS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule

33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 16, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. .17:**

DOCUMENTS sufficient to show YOUR ownership of the designs or copyrights in the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 17, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 18.:**

DOCUMENTS sufficient to show representations made by any PERSON RELATING TO the ownership or creation of the design of the MOON PENDANT or the design of the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 18, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 19.:**

DOCUMENTS sufficient to show any directions and/or specifications given and/or made by YOU RELATING to the ACCUSED MOON PENDANTS, including without limitation design instructions and feedback given in response to samples or designs of ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 19, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 20.:**

1    DOCUMENTS sufficient to show any contracts or agreements RELATING TO

2   the supply, including creation, and purchase of the ACCUSED MOON PENDANTS.

3   RESPONSE:

4    Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

5   and Requests for Production, Set One.

6   LA GEM'S POSITION:

7    On October 4, 2019, LA Gem's meet and confer correspondence notified

8   Angrysale of its failure to respond to the requests for production by the September 30,

9   2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

10  provide responses by October 16, 2019, without objection, but again failed to do so.

11  Angrysale's failure to timely respond to the requests for production waives all objections.

12  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

13  the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,

14  284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule

15  33(b)(4) applies to document requests under Rule 34).  "It is well established that a

16  failure to object to discovery requests within the time required constitutes a waiver of any

17  objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

18  Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

19    Accordingly, LA Gem requests that the court order Angrysale to fully respond to

20  Request for Production No. 20, without objection.

21  ANGRYSALE'S POSITION:

22    Defendant will produce responsive documents, if any.

23

24  **REQUEST FOR PRODUCTION NO. 21.:**

25    DOCUMENTS sufficient to show any agreements between YOU and any

26  PERSON for the purchase of jewelry bearing the MOON PENDANT, or the design of

27  the ACCUSED MOON PENDANTS entered into within the last five (5) years.

28  RESPONSE:

-31-

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34.  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 21, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 22.:**

DOCUMENTS sufficient to show YOUR COMMUNICATIONS with any other PERSON regarding the purchase or negotiations to purchase the ACCUSED MOON PENDANTS within the last five (5) years.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 22, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 23.:**

DOCUMENTS sufficient to show representations or warranties made by any PERSON to YOU regarding the ownership or creation of the design appearing on the ACCUSED MOON PENDANTS within the last five (5) years.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 23, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.


**REQUEST FOR PRODUCTION NO. 24.:**

DOCUMENTS sufficient to show the indemnification agreements between YOU and any third party, including any DEFENDANTS, regarding claims asserted in connection with the ACCUSED MOON PENDANTS entered into within the last five (5) years.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections.

1  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

2  the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,

3  284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule

4  33(b)(4) applies to document requests under Rule 34).  "It is well established that a

5  failure to object to discovery requests within the time required constitutes a waiver of any

6  objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

7  Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

8           Accordingly, LA Gem requests that the court order Angrysale to fully respond to

9  Request for Production No. 24, without objection.

10 ANGRYSALE'S POSITION:

11          Defendant will produce responsive documents, if any.

12

13 **REQUEST FOR PRODUCTION NO. 25.:**

14          DOCUMENTS sufficient to show any insurance policies which may provide

15 YOU with coverage for the claims asserted against YOU in this lawsuit.  A coverage

16 opinion by YOUR counsel or YOUR insurer does not exclude a policy from the scope of

17 this Request.

18 RESPONSE:

19          Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

20 and Requests for Production, Set One.

21 LA GEM'S POSITION:

22          On October 4, 2019, LA Gem's meet and confer correspondence notified

23 Angrysale of its failure to respond to the requests for production by the September 30,

24 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

25 provide responses by October 16, 2019, without objection, but again failed to do so.

26 Angrysale's failure to timely respond to the requests for production waives all objections.

27 Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

28 the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,

-35-

284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 25, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.


**REQUEST FOR PRODUCTION NO. 26.:**

Please produce a copy of YOUR commercial general liability insurance policies in effect for the last five (5) years.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 26, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.


**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS and THINGS referred to in YOUR answers to interrogatories served by PLAINTIFF.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 27, without objection.

ANGRYSALE'S POSITION:

-37-

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 28.:**

DOCUMENTS and THINGS REFERRED TO in YOUR Rule 26 Disclosures.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 28, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 29.:**

DOCUMENTS and THINGS sufficient to show any copyright due diligence investigation YOU conducted before selling the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 29, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 30.:**

DOCUMENTS and THINGS sufficient to show any copyright clearance search YOU conducted before selling the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

-39-

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 30, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.


**REQUEST FOR PRODUCTION NO. 31.:**

DOCUMENTS which constitute, show, reflect or RELATE TO YOUR intellectual property policy for jewelry you sold for the last five (5) years, including any indemnification agreements with YOUR suppliers and manufacturers, written representation and warranties from YOUR suppliers and manufacturers, and copyright clearance procedures, and express instructions to only purchase products from reputable sources.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

-40-

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 31, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.


**REQUEST FOR PRODUCTION NO. 32.:**

DOCUMENTS which constitute, show, reflect or RELATE TO YOUR written company policy RELATING to intellectual property in the jewelry YOU purchase and/or sell.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

-41-

provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 32, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 33.:**

DOCUMENTS which constitute, show, reflect or RELATE TO YOUR written company policy RELATING to jewelry YOU purchase and sell from China and intellectual property rights of third parties.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline. During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

1  the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,

2  284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule

3  33(b)(4) applies to document requests under Rule 34). "It is well established that a

4  failure to object to discovery requests within the time required constitutes a waiver of any

5  objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

6  Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

7       Accordingly, LA Gem requests that the court order Angrysale to fully respond to

8  Request for Production No. 33, without objection.

9  ANGRYSALE'S POSITION:

10       Defendant will produce responsive documents, if any.

11  **REQUEST FOR PRODUCTION NO. 34.:**

12       DOCUMENTS which constitute, show, reflect or RELATE TO any affirmative

13  steps YOU take to determine if the jewelry products YOU purchase and sell are

14  protected by copyrights.

15  RESPONSE:

16       Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

17  and Requests for Production, Set One.

18  LA GEM'S POSITION:

19       On October 4, 2019, LA Gem's meet and confer correspondence notified

20  Angrysale of its failure to respond to the requests for production by the September 30,

21  2019, deadline. During the parties' conference on October 11, 2019, Angrysale agreed to

22  provide responses by October 16, 2019, without objection, but again failed to do so.

23  Angrysale's failure to timely respond to the requests for production waives all objections.

24  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

25  the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,

26  284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule

27  33(b)(4) applies to document requests under Rule 34). "It is well established that a

28  failure to object to discovery requests within the time required constitutes a waiver of any

objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 34, without objection.

ANGRYSALE'S POSITION:

Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 35.:**

DOCUMENTS sufficient to show YOUR document retention policies that were in effect at any time in the past five (5) years.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests for production waives all objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 35, without objection.

JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE)

ANGRYSALE'S POSITION:

     Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 36.:**

     COMMUNICATIONS and DOCUMENTS sufficient to show any affirmative steps YOU took to retain documents in response to receiving notice of the complaint.

RESPONSE:

     Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

     On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the requests for production by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so.  Angrysale's failure to timely respond to the requests for production waives all objections.  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

     Accordingly, LA Gem requests that the court order Angrysale to fully respond to Request for Production No. 36, without objection.

ANGRYSALE'S POSITION:

     Defendant will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 37.:**

1   Documents sufficient to show all facts asserted in YOUR counterclaims.

2   Documents sufficient to support all factual allegations of YOUR counterclaims.

3   RESPONSE:

4   Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

5   and Requests for Production, Set One.

6   LA GEM'S POSITION:

7   On October 4, 2019, LA Gem's meet and confer correspondence notified

8   Angrysale of its failure to respond to the requests for production by the September 30,

9   2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

10  provide responses by October 16, 2019, without objection, but again failed to do so.

11  Angrysale's failure to timely respond to the requests for production waives all objections.

12  Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

13  the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,

14  284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule

15  33(b)(4) applies to document requests under Rule 34).  "It is well established that a

16  failure to object to discovery requests within the time required constitutes a waiver of any

17  objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

18  Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

19  Accordingly, LA Gem requests that the court order Angrysale to fully respond to

20  Request for Production No. 37, without objection.

21  ANGRYSALE'S POSITION:

22  Defendant will produce responsive documents, if any.

23  **REQUEST FOR PRODUCTION NO. 38.:**

24  DOCUMENTS sufficient to show YOUR relationship with any of the other

25  defendants in this suit.

26  RESPONSE:

27  Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

28  and Requests for Production, Set One.

-46-

1    <u>LA GEM'S POSITION:</u>

2         On October 4, 2019, LA Gem's meet and confer correspondence notified

3    Angrysale of its failure to respond to the requests for production by the September 30,

4    2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

5    provide responses by October 16, 2019, without objection, but again failed to do so.

6    Angrysale's failure to timely respond to the requests for production waives all objections.

7    Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

8    the court, for good cause, excuses the failure."); *Cargill, Inc. v. Ron Burge Trucking, Inc.*,

9    284 F.R.D. 421 (D. Minn. 2012) (holding that the same waiver provision found in Rule

10   33(b)(4) applies to document requests under Rule 34).  "It is well established that a

11   failure to object to discovery requests within the time required constitutes a waiver of any

12   objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

13   Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

14        Accordingly, LA Gem requests that the court order Angrysale to fully respond to

15   Request for Production No. 38, without objection.

16   <u>ANGRYSALE'S POSITION:</u>

17        Defendant will produce responsive documents, if any.

18   / / /

19   / / /

20   / / /

21

22

23

24

25

26

27

28

-47-

## C.     SPECIFIC ARGUMENT REGARDING ANGRYSALE'S RESPONSES TO LA GEM'S REQUESTS FOR ADMISSION

The following is the text of the requests at issue, the text of Defendant's responses, LA Gem's position, and Defendant's position regarding same.

**REQUEST FOR ADMISSION NO. 1.:**

Admit that YOU do not have any evidence contesting the validity of the Copyright Registration for the MOON PENDANT.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 1, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 2.:**

Admit that PLAINTIFF is the owner of the copyright in the MOON PENDANT.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 2, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 3.:**

Admit that YOU did not have in effect with PLAINTIFF any licensing agreements permitting YOU to sell any jewelry pieces incorporating the MOON PENDANT.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 3, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 4.:**

Admit that YOU sold the ACCUSED MOON PENDANT pictured below.



RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 4, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 5.:**

Admit that YOU earned a gross profit from YOUR sales of the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 5, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 6.:**

Admit that YOU generated revenue from YOUR sales of the ACCUSED MOON PENDANTS.

RESPONSE:

1    Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

2    and Requests for Production, Set One.

3    LA GEM'S POSITION:

4        On October 4, 2019, LA Gem's meet and confer correspondence notified

5    Angrysale of its failure to respond to the request for admissions by the September 30,

6    2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

7    provide responses by October 16, 2019, without objection, but again failed to do so.

8    Angrysale's failure to timely respond to the requests waives all objections, and the

9    requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is

10   deemed admitted unless, within 30 days after being served… serves on the requesting

11   party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172,

12   1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter

13   admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a

14   failure to object to discovery requests within the time required constitutes a waiver of any

15   objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

16   Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

17       Accordingly, LA Gem requests the court order Angrysale to admit Request for

18   Admission No. 6, without objection.

19   ANGRYSALE'S POSITION:

20       Defendant is serving Responses to the Requests for Admission, and respectfully

21   requests that such Responses be allowed so that the action can proceed on its merits. *See*

22   Fed. R. Civ. P. 36(b).

23

24   **REQUEST FOR ADMISSION NO. 7.:**

         Admit that YOU marketed the ACCUSED MOON PENDANTS.

25   RESPONSE:

26       Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

27   and Requests for Production, Set One.

28   LA GEM'S POSITION:

**JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL
DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND
REQUESTS FOR ADMISSION (SET ONE)**

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 7, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).


**REQUEST FOR ADMISSION NO. 8.:**

Admit that YOU had access to PLAINTIFF'S MOON PENDANT prior to YOUR sale of the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified

-54-

Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 8, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 9.:**

Admit that YOU were aware of PLAINTIFF'S MOON PENDANT prior to YOUR sale of the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 9, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 10.:**

Admit that YOU had PLAINTIFF'S MOON PENDANT copied for YOU to make YOUR ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is

**JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE)**

1   deemed admitted unless, within 30 days after being served… serves on the requesting

2   party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172,

3   1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter

4   admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a

5   failure to object to discovery requests within the time required constitutes a waiver of any

6   objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

7   Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

8        Accordingly, LA Gem requests the court order Angrysale to admit Request for

9   Admission No. 10, without objection.

10  ANGRYSALE'S POSITION:

11       Defendant is serving Responses to the Requests for Admission, and respectfully

12  requests that such Responses be allowed so that the action can proceed on its merits. *See*

13  Fed. R. Civ. P. 36(b).

14  **REQUEST FOR ADMISSION NO. 11.:**

15       Admit that YOU copied PLAINTIFF'S MOON PENDANT to make YOUR

16  ACCUSED MOON PENDANTS.

17  RESPONSE:

18       Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

19  and Requests for Production, Set One.

20  LA GEM'S POSITION:

21       On October 4, 2019, LA Gem's meet and confer correspondence notified

22  Angrysale of its failure to respond to the request for admissions by the September 30,

23  2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

24  provide responses by October 16, 2019, without objection, but again failed to do so.

25  Angrysale's failure to timely respond to the requests waives all objections, and the

26  requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is

27  deemed admitted unless, within 30 days after being served… serves on the requesting

28  party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172,

1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 11, without objection.

<u>ANGRYSALE'S POSITION:</u>

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**<u>REQUEST FOR ADMISSION NO. 12.</u>**

Admit that YOU make no contentions in this litigation as to whether there are similarities between YOUR ACCUSED MOON PENDANT NO. 1 and PLAINTIFF'S MOON PENDANT depicted below:

                    

LA Gem's Moon Pendant                Angrysale's Accused Moon Pendant

<u>RESPONSE:</u>

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

<u>LA GEM'S POSITION:</u>

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30,

2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 12, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 13.:**

Admit that there are substantial similarities between YOUR ACCUSED MOON PENDANT and PLAINTIFF'S MOON PENDANT depicted below:




LA Gem's Moon Pendant                    Angrysale's Accused Moon Pendant

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted. Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 13, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE)**

**REQUEST FOR ADMISSION NO. 14.:**

Admit that there are striking similarities between YOUR ACCUSED MOON PENDANT and PLAINTIFF'S MOON PENDANT depicted below:

  

LA Gem's Moon Pendant              Angrysale's Accused Moon Pendant

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for

-61-

JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL
DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND
REQUESTS FOR ADMISSION (SET ONE)

1  Admission No. 14, without objection.

2  <u>ANGRYSALE'S POSITION:</u>

3      Defendant is serving Responses to the Requests for Admission, and respectfully

4  requests that such Responses be allowed so that the action can proceed on its merits. *See*

5  Fed. R. Civ. P. 36(b).

6

7  **<u>REQUEST FOR ADMISSION NO. 15.:</u>**

8      Admit that there are substantial similarities between the handwriting appearing on

9  YOUR MOON PENDANT and PLAINTIFF'S MOON PENDANT depicted below:

10
11
12  
13
14

15      LA Gem's Moon Pendant                Angrysale's Accused Moon Pendant

16  <u>RESPONSE:</u>

17      Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

18  and Requests for Production, Set One.

19  <u>LA GEM'S POSITION:</u>

20      On October 4, 2019, LA Gem's meet and confer correspondence notified

21  Angrysale of its failure to respond to the request for admissions by the September 30,

22  2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

23  provide responses by October 16, 2019, without objection, but again failed to do so.

24  Angrysale's failure to timely respond to the requests waives all objections, and the

25  requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is

26  deemed admitted unless, within 30 days after being served… serves on the requesting

27  party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172,

28  1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter

admitted under Federal Rule of Civil Procedure 36."). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 15, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).


**REQUEST FOR ADMISSION NO. 16.:**

Admit that YOU did not conduct a due diligence investigation before selling the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline. During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted. Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…"). *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36."). "It is well established that a

1   failure to object to discovery requests within the time required constitutes a waiver of any

2   objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

3   Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

4        Accordingly, LA Gem requests the court order Angrysale to admit Request for

5   Admission No. 16, without objection.

6   ANGRYSALE'S POSITION:

7        Defendant is serving Responses to the Requests for Admission, and respectfully

8   requests that such Responses be allowed so that the action can proceed on its merits. *See*

9   Fed. R. Civ. P. 36(b).

10

11   **REQUEST FOR ADMISSION NO. 17.:**

12        Admit that YOU did not conduct a copyright clearance search before selling the

13   ACCUSED MOON PENDANTS.

14   RESPONSE:

15        Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

16   and Requests for Production, Set One.

17   LA GEM'S POSITION:

18        On October 4, 2019, LA Gem's meet and confer correspondence notified

19   Angrysale of its failure to respond to the request for admissions by the September 30,

20   2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

21   provide responses by October 16, 2019, without objection, but again failed to do so.

22   Angrysale's failure to timely respond to the requests waives all objections, and the

23   requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is

24   deemed admitted unless, within 30 days after being served… serves on the requesting

25   party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172,

26   1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter

27   admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a

28   failure to object to discovery requests within the time required constitutes a waiver of any

**JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE)**

objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 17, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 18.:**

Admit that YOU did not obtain a copy of the copyright registration certificate and accompanying deposit from the copyright office for the MOON PENDANT before selling the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline. During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted. Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…"). *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36."). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any

-65-

objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 18, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).


**REQUEST FOR ADMISSION NO. 19.:**

Admit that YOU did not research the existence of third party copyrights resembling the ACCUSED MOON PENDANTS before selling the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any

objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 19, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).


**REQUEST FOR ADMISSION NO. 20.:**

Admit that YOU did not have a written company copyright clearance policy before selling the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

1 | Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

2 |     Accordingly, LA Gem requests the court order Angrysale to admit Request for

3 | Admission No. 20, without objection.

4 | ANGRYSALE'S POSITION:

5 |     Defendant is serving Responses to the Requests for Admission, and respectfully

6 | requests that such Responses be allowed so that the action can proceed on its merits. *See*

7 | Fed. R. Civ. P. 36(b).

8 |

9 | **REQUEST FOR ADMISSION NO. 21.:**

10 |     Admit that YOU did not have a written warranty and representation from YOUR

11 | supplier regarding copyrights in the ACCUSED MOON PENDANTS before selling the

12 | ACCUSED MOON PENDANTS.

13 | RESPONSE:

14 |     Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

15 | and Requests for Production, Set One.

16 | LA GEM'S POSITION:

17 |     On October 4, 2019, LA Gem's meet and confer correspondence notified

18 | Angrysale of its failure to respond to the request for admissions by the September 30,

19 | 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

20 | provide responses by October 16, 2019, without objection, but again failed to do so.

21 | Angrysale's failure to timely respond to the requests waives all objections, and the

22 | requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is

23 | deemed admitted unless, within 30 days after being served… serves on the requesting

24 | party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172,

25 | 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter

26 | admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a

27 | failure to object to discovery requests within the time required constitutes a waiver of any

28 | objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 21, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).


**REQUEST FOR ADMISSION NO. 22.:**

Admit that YOU did not have a written copyright infringement indemnification agreement with your supplier before YOUR sales of the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 22, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).


**REQUEST FOR ADMISSION NO. 23.:**

Admit that YOU sell jewelry pieces manufactured in China.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for

Admission No. 23, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 24.:**

Admit that YOU do not take any affirmative steps to determine if the jewelry pieces manufactured in China that YOU purchase are copyrighted.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 24, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 25.:**

Admit that YOU do not take any affirmative steps to determine if the jewelry pieces manufactured in China that YOU purchase are copyrighted by third parties.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 25, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 26.:**

Admit that YOU did not take any affirmative steps to determine if the ACCUSED MOON PENDANTS manufactured in China infringed any copyrights.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 26, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 27.:**

Admit that the YOU are a retailer.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 27, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

1

2   **REQUEST FOR ADMISSION NO. 28.:**

3       Admit that YOU sell YOUR products to the general public.

4   RESPONSE:

5       Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

6   and Requests for Production, Set One.

7   LA GEM'S POSITION:

8       On October 4, 2019, LA Gem's meet and confer correspondence notified

9   Angrysale of its failure to respond to the request for admissions by the September 30,

10  2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

11  provide responses by October 16, 2019, without objection, but again failed to do so.

12  Angrysale's failure to timely respond to the requests waives all objections, and the

13  requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is

14  deemed admitted unless, within 30 days after being served… serves on the requesting

15  party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172,

16  1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter

17  admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a

18  failure to object to discovery requests within the time required constitutes a waiver of any

19  objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

20  Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

21      Accordingly, LA Gem requests the court order Angrysale to admit Request for

22  Admission No. 28, without objection.

23  ANGRYSALE'S POSITION:

24      Defendant is serving Responses to the Requests for Admission, and respectfully

25  requests that such Responses be allowed so that the action can proceed on its merits. *See*

26  Fed. R. Civ. P. 36(b).

27

28  **REQUEST FOR ADMISSION NO. 29.:**

-75-

Admit that YOU continued to sell ACCUSED MOON PENDANTS after YOU received notice of this lawsuit.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 29, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 30.:**

Admit that YOU have returned ACCUSED MOON PENDANTS to YOUR

-76-

1   supplier.

2   RESPONSE:

3        Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

4   and Requests for Production, Set One.

5   LA GEM'S POSITION:

6        On October 4, 2019, LA Gem's meet and confer correspondence notified

7   Angrysale of its failure to respond to the request for admissions by the September 30,

8   2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

9   provide responses by October 16, 2019, without objection, but again failed to do so.

10  Angrysale's failure to timely respond to the requests waives all objections, and the

11  requests for admission are deemed admitted. Fed. R. Civ. P. 36(a)(3) ("A matter is

12  deemed admitted unless, within 30 days after being served… serves on the requesting

13  party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172,

14  1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter

15  admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a

16  failure to object to discovery requests within the time required constitutes a waiver of any

17  objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

18  Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

19       Accordingly, LA Gem requests the court order Angrysale to admit Request for

20  Admission No. 30, without objection.

21  ANGRYSALE'S POSITION:

22       Defendant is serving Responses to the Requests for Admission, and respectfully

23  requests that such Responses be allowed so that the action can proceed on its merits. *See*

24  Fed. R. Civ. P. 36(b).

25

26  **REQUEST FOR ADMISSION NO. 31.:**

27       Admit that YOUR customers have returned ACCUSED MOON PENDANTS to

28  YOU.

-77-

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 31, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).


**REQUEST FOR ADMISSION NO. 32.:**

Admit that YOUR customers have requested refunds after purchasing YOUR ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 32, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).


**REQUEST FOR ADMISSION NO. 33.:**

Admit that YOU have had COMMUNICATIONS with YOUR supplier regarding this case.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

-79-

1  and Requests for Production, Set One.

2  LA GEM'S POSITION:

3     On October 4, 2019, LA Gem's meet and confer correspondence notified

4  Angrysale of its failure to respond to the request for admissions by the September 30,

5  2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to

6  provide responses by October 16, 2019, without objection, but again failed to do so.

7  Angrysale's failure to timely respond to the requests waives all objections, and the

8  requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is

9  deemed admitted unless, within 30 days after being served… serves on the requesting

10  party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172,

11  1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter

12  admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a

13  failure to object to discovery requests within the time required constitutes a waiver of any

14  objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

15  Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

16     Accordingly, LA Gem requests the court order Angrysale to admit Request for

17  Admission No. 33, without objection.

18  ANGRYSALE'S POSITION:

19     Defendant is serving Responses to the Requests for Admission, and respectfully

20  requests that such Responses be allowed so that the action can proceed on its merits. *See*

21  Fed. R. Civ. P. 36(b).

22

23  **REQUEST FOR ADMISSION NO. 34.:**

24     Admit that YOU have sought indemnification from YOUR supplier for this case.

25  RESPONSE:

26     Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission,

27  and Requests for Production, Set One.

28  LA GEM'S POSITION:

-80-

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 34, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).


**REQUEST FOR ADMISSION NO. 35.:**

Admit that YOUR supplier has a monetary interest in the outcome of this case.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30,

2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 35, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 36.:**

Admit that YOU have an indemnification agreement with YOUR supplier.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so.

Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 36, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).


**REQUEST FOR ADMISSION NO. 37.:**

Admit that YOU have an indemnification agreement with YOUR supplier to defend YOU in this case.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so.  Angrysale's failure to timely respond to the requests waives all objections, and the

requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 37, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 38.:**

Admit that YOU were aware of LA Gem's copyright infringement lawsuits against third parties while YOU were selling the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is

deemed admitted unless, within 30 days after being served… serves on the requesting party a written answer or objection…"). *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 38, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

**REQUEST FOR ADMISSION NO. 39.:**

Admit that YOU were aware of LA Gem's copyright infringement lawsuits against third parties before YOU sold the ACCUSED MOON PENDANTS.

RESPONSE:

Angrysale failed to respond to LA Gem's Interrogatories, Requests for Admission, and Requests for Production, Set One.

LA GEM'S POSITION:

On October 4, 2019, LA Gem's meet and confer correspondence notified Angrysale of its failure to respond to the request for admissions by the September 30, 2019, deadline.  During the parties' conference on October 11, 2019, Angrysale agreed to provide responses by October 16, 2019, without objection, but again failed to do so. Angrysale's failure to timely respond to the requests waives all objections, and the requests for admission are deemed admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served… serves on the requesting

party a written answer or objection…").  *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1172, 1178 (D. Nev. 2005) ("Failure to answer a request for admissions deems the matter admitted under Federal Rule of Civil Procedure 36.").  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, LA Gem requests the court order Angrysale to admit Request for Admission No. 39, without objection.

ANGRYSALE'S POSITION:

Defendant is serving Responses to the Requests for Admission, and respectfully requests that such Responses be allowed so that the action can proceed on its merits. *See* Fed. R. Civ. P. 36(b).

///

///

///

## D.   LA GEM'S ARGUMENT THAT SANCTIONS ARE WARRANTED

Fed. R. Civ. P. 37(a)(5) states that if a motion to compel is granted, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the failure was substantially justified. *See also In re Ullico Inc. Litig.*, 237 F.R.D. 314, 318 (D.D.C. 2006).  Here, Angrysale failed to respond to discovery to date, thereby necessitating the present motion.  Counsel's failure to comply with the rules is particularly egregious considering his refusal to respond to the discovery requests altogether despite being offered an extension to do so.  Further, Angrysale's position in this discovery dispute is not justified because it has had weeks to respond to the outstanding discovery requests or ask for a further extension of time.

As set forth in the Declaration of Milord A. Keshishian, over 3 hours were spent researching and preparing this motion, including the supporting declaration and exhibits, and will be spent in connection with preparing a reply brief.  Keshishian Dec. ¶9.  It is anticipated that the hearing will require an additional 3 hours.  *Id.*  Therefore, LA Gem requests that it be awarded sanctions in the amount of $1,100.00, which is reasonable in light of the low billing rate of moving parties' counsel and that LA Gem was left with no choice but to file this motion.

/ / /

/ / /

/ / /

**JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE)**

1

2   **V.   CONCLUSION**

3        For the foregoing reasons, LA Gem's requests that this Court order Angrysale to

4   fully and completely answer each of the questions contained in LA Gem's first set of

5   interrogatories, requests for production, and request for admission, without objection, and

6   award LA Gem costs and attorneys fees.

7

8   Dated:  November 8, 2019              **MILORD & ASSOCIATES, P.C.**

9
                                         /s/ Milord A. Keshishian
10                                       Milord A. Keshishian
11                                       Attorneys for Plaintiff
                                         L.A. GEM & JEWELRY DESIGN, INC.
12

13

14  Dated:  November 8, 2019              **MICHELMAN & ROBINSON, LLP**

15
                                         /s/ Steven S. Davis
16                                       Steven S. Davis
17                                       Attorneys for Defendants
                                         GROUPON, INC.,
18                                       GROUPON GOODS, INC.,
19                                       GOLDEN MOON, INC., DAVID KHAFIF,
                                         SWEET DOLL, INC., JOSEPH SARDAR,
20                                       RJK JEWELRY, INC., ANGRYSALE,
21                                       INC., and JOSEPH COHEN

22

23

24

25

26

27

28

-88-

## Attestation Pursuant to L.R. 5-4.3.4(a)(2)(i)

      I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  November 8, 2019              /s/ Milord A. Keshishian
                                     Milord A. Keshishian

**JOINT STIPULATION RE: PLAINTIFF L.A. GEM & JEWELRY DESIGN, INC.'S MOTION TO COMPEL DEFENDANT ANGRYSALE'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION (SET ONE)**